# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01740-WJM-NYW

SALVATORE PETE RUSSO, JR.,

    Plaintiff,

v.

JOHN HICKENLOOPER,

    Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Nina Y. Wang

    This civil action comes before the court *sua sponte*. Plaintiff Russo initiated this lawsuit on July 24, 2015 by filing a Petition to Seal [#1] and "Bill in Equity," [#2], together totaling 126 pages. On July 30, 2015, this court issued an order denying the Petition to Seal without prejudice for failure to comply with D.C.COLO.LCivR 7.2(b)(1)–(4), instructing Plaintiff that any "request for a court order must be made by motion," and noting that the court could not discern "any grounds for relief or the precise nature of the relief sought." [#7]. Plaintiff filed an objection to the Order on August 12, 2015 [#9], and the matter was subsequently reassigned to District Judge Martinez. [#14]. Judge Martinez issued an Order Referring Case to the undersigned Magistrate Judge on August 14, 2015. [#15]. For the reasons stated below, I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE.

## ANALYSIS

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted). In other words, the court should reasonably read the *pro se* litigant's pleadings to state "a valid claim on which the plaintiff could prevail…despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* Notwithstanding this accommodation, the court's role is not to advocate for the *pro se* litigant. *Id.* Furthermore, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Read together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

Neither the Petition to Seal nor Bill in Equity states the basis for this court's jurisdiction, a claim for relief or grounds for that relief, or a corresponding demand, and respectfully, it is difficult to ascertain, even in lay terms, the nature of this instant action. To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did

it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, Plaintiff has named Colorado Governor John Hickenlooper as the sole Defendant. In order to succeed with a claim for a constitutional violation against a government official for conduct that arises out of the official's supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Plaintiff's pleading simply fails to set forth the basis of his lawsuit in a fashion that is cognizable. Should Plaintiff choose to amend his pleading, he must submit a Complaint that meets the requirements of Fed. R. Civ. P. 8 and includes allegations that appropriately support the claim stated.

Accordingly, I RECOMMEND that the lawsuit be DISMISSED WITHOUT PREJUDICE.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance*

DATED: August 26, 2015                BY THE COURT:

                                      s/Nina Y. Wang
                                      United States Magistrate Judge

---

*Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).