**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-1740-WJM-NYW

SALVATORE PETE RUSSO, JR.,

    Plaintiff,

v.

JOHN HICKENLOOPER,

    Defendant.

---

**ORDER AFFIRMING JULY 30, 2015 ORDER OF MAGISTRATE JUDGE, ADOPTING
AUGUST 26, 2015 RECOMMENDATION OF MAGISTRATE JUDGE, AND
DISMISSING PLAINTIFF'S LAWSUIT WITHOUT PREJUDICE**

---

    This matter is before the Court on United States Magistrate Judge Nina Y. Wang's Order Denying the Petition to Seal (ECF No. 7) dated July 30, 2015, and Magistrate Judge Wang's Recommendation dated August 26, 2015 ("Recommendation"), which recommended that the lawsuit be dismissed without prejudice. (ECF No. 16.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). On August 12, 2015, Plaintiff Salvatore Pete Russo, Jr. ("Plaintiff") filed an Objection to the Magistrate's Order Denying the Petition to Seal (the "Objection to the Order"). (ECF No. 9.) Plaintiff also filed a timely Objection to the Recommendation. (ECF No. 17.) For the reasons set forth below, Plaintiff's Objections to the Order and to the Recommendation are overruled, the Magistrate Judge's Order Denying the Petition to Seal is affirmed, the Recommendation is adopted, and this matter is dismissed without prejudice.

## I.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.  BACKGROUND

Plaintiff contends that he is a "pre-1933 Private American National Citizen of the United States of America." (ECF No. 1 at 1.) Plaintiff alleges that this form of citizenship differs from that of general "Public" U.S. citizens. (*Id.* at 7.) According to Plaintiff, among other things, all Public U.S. citizens were seized as "booty of war" by President Franklin Roosevelt's use of emergency war powers in 1933. (*Id.* at 7–8.) Attached to Plaintiff's Petition to Seal is a document that Plaintiff refers to as his "Declaration of Status." (*Id.* at 6–16) In that document, Plaintiff asserts that he has reclaimed his status as a Private American National Citizen. (*Id.* at 10.) Plaintiff also acknowledges that he is a citizen of the State of Colorado. (*Id*. at 15.)

Plaintiff did not file a complaint in this case. Instead, he filed a "Bill in Equity" containing his allegations against Colorado Governor John Hickenlooper ("Defendant"). (ECF No. 2.) Plaintiff alleges that he sent private trust documents to Defendant, along with the aforementioned Declaration of Status. (*Id.* at 2–3.) Plaintiff contends that Defendant acquired trustee duties over two trusts of which Plaintiff is the beneficiary, after Defendant did not disclaim his appointment as trustee within fifteen days of receiving Plaintiff's mailing. (*Id.* at 3.) Plaintiff is now suing Defendant for breaching his alleged duties under the trust agreements. (*Id.* at 4.) Plaintiff seeks an equitable remedy and requests that the Court enforce the trust agreements. (*Id*.)

Plaintiff has not yet disclosed the trust documents to the Court. (*See* ECF No. 2.) Plaintiff emphasizes that the trust documents are private in nature. (ECF No. 18.) For this reason, Plaintiff requested a private meeting with the Court, so that the undersigned could review the documents. (*Id*.) That motion was denied because the Court does not grant *ex parte* private meetings with parties or counsel. (ECF No. 19.)

3

### III.  ANALYSIS

The Magistrate Judge has issued both an Order Denying the Petition to Seal and a Recommendation that the lawsuit be dismissed without prejudice.  (ECF No. 7; ECF No. 16.)  Plaintiff filed Objections to both of these decisions.  (ECF No. 9; ECF No. 17.)  The Court will discuss the Magistrate Judge's filings, along with the respective objections, in turn.

**A.     Order Denying Plaintiff's Petition to Seal**

Plaintiff's first filing in the case was a Petition to Seal the entirety of the case file.  (ECF No. 1.)  Specifically, Plaintiff requests that the Court "proceed with the matter . . . as 'private' and 'sealed' . . . in chambers, without the public, without publication of the press, excluding spectators and 'enemies' of the Court."  (*Id*. at 1–2.)

Local Rule 7.2(c) instructs that a party seeking to restrict access to judicial records must make a multi-part showing.  The party must: (1) identify the document or proceeding for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear and serious injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, or partial restriction—are not adequate.  D.C.COLO.LCivR 7.2(c).  The Magistrate Judge found that Plaintiff did not satisfy these requirements and denied the Petition to Seal.  (ECF No. 7 at 1.)

Plaintiff objects to the Magistrate Judge's denial, arguing that the proceeding must be "held privately under seal . . . so that the special and private, restricted and confidential, proprietary and privileged trust documents can be reviewed at an

Evidentiary Hearing as [Plaintiff] requests in his Bill in Equity." (ECF No. 9 at 2.) A similar argument appears in Plaintiff's Petition to Seal, in which Plaintiff asserts that the Court can only grant him the relief he requests if the suit is "sealed and private." (ECF No. 1 at 2.) These arguments do not satisfy Local Rule 7.2(c) which requires more than conclusory assertions that restriction is necessary.

Plaintiff comes closest to addressing the requirements of Rule 7.2(c) when he states that restriction is necessary to "secure [Plaintiff's] private citizen due process rights" and to ensure that "the public [will] not be alarmed." (ECF No. 1 at 2.) Nevertheless, Plaintiff fails to identify why these interests outweigh the presumption of public access. See D.C.COLO.LCivR 7.2(c)(2). Furthermore, the Court finds that Plaintiff's concerns as to his due process rights and public "alarm" do not amount to clearly defined injuries. Id. at 7.2(c)(3). Lastly, Plaintiff does not address why alternatives to restriction are inadequate. Id. at 7.2(c)(4). For these reasons, the Court agrees with the Magistrate Judge that Plaintiff does not satisfy the requirements of the Local Rule. The Court therefore overrules this Objection and affirms the Magistrate Judge's Order Denying the Petition to Seal.

**B.     Recommendation**

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). While the Court liberally construes *pro se* pleadings, *pro se* status does not excuse the obligation of any litigant to comply with the requirements of the Federal Rules of Civil Procedure. *Ogden v. San*

*Juan Cnty.*, 32 F.3d. 452, 455 (10th Cir. 1994). Therefore, Plaintiff's pleadings must comply with the Federal Rules of Civil Procedure, including Rule 8.[1] The Magistrate Judge found that neither the Petition to Seal nor the Bill in Equity satisfy the requirements of Rule 8(a). (ECF No. 16 at 2.) For that reason, the Magistrate Judge recommended that the lawsuit be dismissed without prejudice. (*Id.* at 3.)

The Magistrate Judge's recommendation was made *sua sponte*, rather than at the request of Defendant. (*Id.* at 1.) This Court has previously held that it possesses the power to dismiss complaints *sua sponte*. *See, e.g.*, *Butler v. People of Ninth Dist. of Colo.*, 2009 WL 185628, at *4 (D. Colo. Jan. 23, 2009). When a complaint does not comply with Rule 8, the district court "has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The decision to dismiss an action without prejudice for failure to comply with Rule 8 is within the sound discretion of the district court. *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993); *see also Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992). Therefore, the Court has the power to adopt the Magistrate Judge's Recommendation and to dismiss the lawsuit if it chooses to do so.

Plaintiff's Objection to the Recommendation contains two distinct grounds for objection. (ECF No. 17.) First, Plaintiff argues that he is not bound by the requirements set out in Rule 8 because the Federal Rules of Civil Procedure apply only to civil

---

[1] Although a petition to seal would generally be considered only a motion and not independently as a pleading, the Court notes that Plaintiff's Petition to Seal contains content that seems to be in the form of "allegations." (*See* ECF No.1). The Court must construe *pro se* pleadings liberally and thus, for the purposes of assessing whether Plaintiff's pleadings satisfy Rule 8, the Court considers both the Petition to Seal and the Bill in Equity to be pleadings.

actions. (*Id.* at 1–2.) Plaintiff believes that he has brought a suit in equity, as opposed to a civil action, thus making the Federal Rules inapplicable. (*Id.* at 2.) Plaintiff is incorrect. The Federal Rules of Civil Procedure became effective on September 16, 1938. *See McCrone v. United States*, 307 U.S. 61, 65 (1939). Since then, federal courts have recognized only one form of non-criminal action: the civil action. Fed. R. Civ. P. 2. The Federal Rules govern procedures in all civil actions in the United States District Courts. Fed. R. Civ. P. 1. Thus, it no longer matters whether the action would have been considered one in equity or law prior to 1938. Consequently, the Federal Rules of Civil Procedure apply to Plaintiff's suit and he is obligated to satisfy the requirements of Rule 8.

Second, Plaintiff objects to the Magistrate Judge's finding that he failed to satisfy the requirements of Rule 8. Plaintiff begins by objecting to the Magistrate Judge's specific finding that "[n]either the Petition to Seal nor Bill in Equity states the basis for the court's jurisdiction . . . ." (ECF No. 16 at 2.) Plaintiff asserts that the section of the Bill in Equity titled "Jurisdiction" states "by what authority jurisdiction is conferred." (ECF No. 17 at 2.) In that section, Plaintiff writes, "[Plaintiff] invokes the jurisdiction of this Court to sit in its judicial power of exclusive English/American Equity conferred by Article III, Section 2, Clause 1 of the Constitution for The United States of America." (ECF No. 2 at 2.)

Rule 8 requires that the pleadings contain "a short and plain statement of the ground for the court's jurisdiction." However, not any statement will provide adequate grounds for jurisdiction. Federal Courts are courts of limited jurisdiction, and therefore Plaintiff must provide some basis for the Court's jurisdiction as authorized by the

Constitution or statute.  *See Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375. 377 (1994).  Title 28 U.S.C. § 1331 provides that district courts will have jurisdiction over civil actions arising under the Constitution, federal laws, or treaties.  This is referred to as federal question jurisdiction.  28 U.S.C. § 1331.

Plaintiff contends that his action arises under Article III, Section 2, Clause 1 of the Constitution.  (ECF No. 2 at 2.)  However, this clause—similar to § 1331—only provides that the judicial power extends to cases arising under the Constitution, federal laws, and treaties.  U.S. Const. art. III, § 2, cl. 1.  Because Plaintiff's "Jurisdiction" section provides no specific basis for jurisdiction, this bare averment as to the existence of a federal question does not adequately provide for the Court's jurisdiction.  *See Roberts v. Clark*, 615 F. Supp. 1554, 1556 (D. Colo. 1985).  Instead, the complaint "must clearly set out the basic facts necessary to support the conclusion that there is federal jurisdiction."  *Lopes v. Viera*, 488 F. Supp. 2d 1000, 1026 (E.D. Cal. 2007) (citing *Beeler v. Unites States*, 338 F.2d 687, 689 (3rd Cir. 1964)).  Plaintiff's Bill in Equity and Petition to Seal lack the basic facts necessary to support a conclusion that this case arises under any portion of the Constitution or under any specific federal statute.  Therefore, Plaintiff fails to set out facts which demonstrate that the Court has federal question jurisdiction over his lawsuit.[2]

Plaintiff, in his Objection to the Recommendation, also argues that the Court has

---

[2] Plaintiff does not attempt to plead diversity jurisdiction.  Nevertheless, the Court finds that it has no diversity jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332.  First, Plaintiff and Defendant are both citizens of the same state.  Defendant is the Governor of Colorado and Plaintiff is a citizen of Colorado.  (ECF No. 1 at 15.)  Second, Plaintiff fails to plead an amount in controversy exceeding $75,000.  (*See* ECF No. 1; ECF No. 2.)

jurisdiction under Section 17 of the Trading With the Enemy Act from 1917. (ECF No. 17 at 2.) Although Section 17 of the Trading With the Enemy Act is mentioned in Plaintiff's Petition to Seal, it is not proffered as a grounds for the Court's federal question jurisdiction anywhere in the pleadings. (*See* ECF No. 1; ECF No. 2.) Nor does it appear in the section of the Bill in Equity titled "Laws of the Suit." (ECF No. 2 at 5.) In order to properly plead federal question jurisdiction, the face of the complaint must contain a showing that the suit depends on a question of federal law. *Pan Am. Petroleum Corp. v. Superior Ct.*, 366 U.S. 656, 663 (1961). Such a showing cannot appear for the first time in Plaintiff's Objection, because a party cannot amend his pleadings through the contents of an objection. *Cf. Young v. Dollar Tree Stores, Inc.*, 2012 WL 3704994, at *3 (D. Colo. Aug. 24, 2012) ("The Plaintiff may not amend [the] complaint via assertions made in response to a motion to dismiss."). Section 17 first appears as a basis for the Court's jurisdiction in the Objection to the Recommendation. (ECF No. 17 at 2.) Consequently, it is inadequate to serve as a statement of the Court's grounds for jurisdiction for the purposes of Rule 8.[3]

The Court finds that Plaintiff fails to plead a short plain statement of the grounds for the Court's jurisdiction. On this basis, the Court finds that Plaintiff failed to satisfy

---

[3] Section 17 of the Trading With the Enemy Act grants district courts jurisdiction to enforce the provisions of the Act itself. 50 U.S.C. § 4316. However, even if Plaintiff had listed Section 17 as his basis for jurisdiction in his Bill in Equity, he would still fail to plead a statement of the Court's grounds for jurisdiction. A statement of jurisdiction requires more than the citation of a federal statute. *Lopes*, 488 F. Supp. 2d at 1026. The pleadings—here, the Petition to Seal and the Bill in Equity—"must set out the basic facts necessary to support the conclusion that there is federal jurisdiction." *Id.* Although Plaintiff mentions the Trading with the Enemy Act in his Petition to Seal, Plaintiff's pleadings fail to allege the basic facts necessary to demonstrate that Plaintiff's claim derives from any provision of the Act. As a result, Section 17 would not provide grounds for the Court's jurisdiction over the claim.

the requirements of Rule 8 and adopts the Magistrate Judge's Recommendation. The Court dismisses Plaintiff's lawsuit without prejudice. Plaintiff's objections to the remaining portions of the Recommendation are therefore overruled as moot.

**C.     Subject Matter Jurisdiction**

Although not discussed in the Recommendation, the Court is obligated to dismiss an action any time it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). If the parties do not raise the question of lack of jurisdiction, it is the court's duty to determine the matter *sua sponte*. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking the jurisdiction of the Court has the duty to establish that federal jurisdiction does exist. *Id.*

For the same reasons that the Court finds that Plaintiff failed to plead a short and plain statement of the grounds of jurisdiction, the Court also finds that Plaintiff has failed to establish that federal jurisdiction exists. On these grounds, in addition to those discussed in the Recommendation, the Court dismisses Plaintiff's lawsuit without prejudice.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection to the Order Denying the Petition to Seal (ECF No. 9) is OVERRULED;
2. The Order Denying the Petition to Seal (ECF No. 7) is AFFIRMED;
3. Plaintiff's Objection to the Recommendation (ECF No. 17) is OVERRULED;
4. The Recommendation (ECF No. 16) is ADOPTED;

5.  The Petition to Seal (ECF No. 1) is DENIED; and

6.  This action is DISMISSED WITHOUT PREJUDICE; each party shall bear his own attorney's fees and costs.

Dated this 6th day of January, 2016.

BY THE COURT:

William J. Martinez
United States District Judge